UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| HENRY YOUNG, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:08-cv-1521-RLY-DML |
| | ) | |
| CELLCO PARTNERSHIP d/b/a | ) | |
| VERIZON WIRELESS, | ) | |
| Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION FOR RECONSIDERATION OF COURT'S ENTRY ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

On September 22, 2010, the court denied the Defendant's motion for summary judgment on Plaintiff's only remaining claim in this case, his claim that the decision of his supervisor, Amy Lloyd ("Lloyd"), to terminate him from the position of Business Sales Manager ("BSM") was racially motivated. The court concluded that there existed a genuine issue of material fact as to whether Caucasian BSMs under Lloyd's supervision received systematically better treatment than Plaintiff under the direct method of proof. Defendant, Cellco Partnership d/b/a Verizon Wireless ("Verizon"), now moves the court to reconsider that ruling. The court, having reviewed the record in this case, now **DENIES** Verizon's motion.

The court has the inherent power to reconsider an interlocutory order, such as the denial of summary judgment. *Fisher v. Nat'l R.R. Passenger Corp.*, 152 F.R.D. 145, 149 (S.D. Ind. 1993). Motions to reconsider serve the function of correcting manifest errors

1

of law or fact, and are proper when "'the Court has patently misunderstood a party, or has made a decision outside the adversarial issue presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'" *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). After reviewing the supporting and opposing briefs, the designated evidence, and the applicable law, the court finds that it did not err as a matter of fact or law.

As a brief background, Plaintiff was the only African American BSM under Lloyd's supervision at all relevant times. (Affidavit of Henry Young ¶ 10). On May 6, 2006, shortly after Lloyd became his direct supervisor, Plaintiff received a Performance Improvement Plan ("PIP") and a verbal warning, because his "scorecard" – i.e., sales statistics – was below target. (Deposition of Henry Young ("Plaintiff Dep." Ex. 8). Specifically, Lloyd expected that all BSMs attain a minimum "Gross Add Quota" ("GAQ") of 80%, and Plaintiff had only achieved a GAQ of 74%. (*Id.*). Lloyd defined "Gross Add Quota" as "new lines of service (both voice and non-voice)." (Second Declaration of Amy Lloyd ("Lloyd Second Dec.") ¶ 15). The PIP stated, "Failure to achieve Scorecard target for June will result in a written warning." (Plaintiff Dep. Ex. 8).

The following month, Plaintiff did not meet his GAQ goal of 80%, and thus, received a written warning. (Plaintiff Dep. Ex. 9). The PIP stated, "Failure to meet July will result [sic] final written warning. Two consecutive months of meeting the minimum objective will result in you being removed from this [PIP]." (*Id.*).

2

In August, Plaintiff, again "fail[ed] to achieve expected performance standards of a [BSM]." (Plaintiff Dep. Ex. 10). For this, and for other performance failures, including "[c]ontinued failure to achieve expected performance standards" and "[f]ailure to respond to requests in a timely manner and lack of follow-up," he received a final written warning. (*Id.*). The final written warning identified the abovementioned incidents, as well as others discussed in their weekly meetings, and informed Plaintiff that: "Failure to significantly improve behavior will result in termination." (*Id.*).

Following a six-month leave of absence, Plaintiff returned to work on February 28, 2007. (Declaration of Gwyneth DeLaine-Poole ¶ 5). According to Lloyd, his job performance did not improve. Therefore, on May 2, 2007, after receiving Human Resources' approval, Lloyd and Jacquelyn Underwood, Director of Human Relations, met with Plaintiff and informed him that his employment was terminated due to sales performance. (Plaintiff Dep. at 255, 258; Deposition of Amy Lloyd ("Lloyd Dep.") at 18; Declaration of Jacquelyn Underwood ¶¶ 35-36).

In the court's Entry on Defendant's Motion for Summary Judgment, the court focused on the GAQ scores of Plaintiff's Caucasian BSM counterparts. Plaintiff testified that Verizon tracked the BSMs' performance based upon monthly "Key Performance Indicator Reports,"("KPI Reports") which included "Total Activations" and "Voice Activations." (Affidavit of Henry Young ¶ 17). The KPI Reports show that Caucasian BSMs were failing to make 80% of goal in Total Activations and Voice Activations; however, they were either not being disciplined or not being disciplined as harshly as

3

Plaintiff.

The evidence submitted by Verizon in its Reply brief consisted of Lloyd's testimony that she evaluated the BSMs' GAQ for the months of May and June 2006 as "new lines of service." (Second Declaration of Amy Lloyd ("Lloyd Second Dec.") ¶ 9). There is no documentation in the record to substantiate how she determined the total "new lines of service" for a particular BSM for the months of May and June 2006. (The record is also unclear as to whether Lloyd evaluated a BSM's performance based upon "new lines of service" for months other than May and June 2006). Indeed, Verizon's Associate Director of Finance, Rebecca Midelton-Katiba, testified that she could not determine, based upon the KPI Reports, how Lloyd came up with the number for "new lines of service." (Second Declaration of Rebecca Midelton-Katiba ¶¶ 8-10). Even more troublesome is Lloyd's testimony that Verizon did not keep all of the BSMs' scorecards. (Lloyd Second Dec. ¶ 19).

Given the conflicting testimony and lack of scorecard evidence in this case, the court finds that the Plaintiff's claim should be resolved by a trier of fact, after evaluating the credibility of the witnesses. Accordingly, Verizon's motion to reconsider (Docket # 104) is **DENIED**.

**SO ORDERED** this  8th   day of February 2011.

RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Bonnie L. Martin
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
bonnie.martin@odnss.com

Brandon M. Shelton
OGLETREE DEAKINS NASH SMOAK & STEWART, P.C.
brandon.shelton@ogletreedeakins.com

Howard L. Stevenson
COLEMAN STEVENSON & MONTEL, LLP
hstevenson@csmlegal.com

Gregory A. Stowers
STOWERS & WEDDLE PC
gstowers@swh-law.com